UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

KEVIN JUNIOR WATSON,

Case No. 6:07-bk-05521-ABB
Chapter 7

    Debtor.
_____/

CENTRAL FLORIDA INVESTMENTS, INC.,

    Plaintiff,

Adv. Pro. No. 6:08-ap-00024-ABB

vs.

KEVIN JUNIOR WATSON,

    Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Motion for Summary Judgment (Doc. No. 51) filed by Plaintiff Central Florida Investments, Inc. against the *pro se* Defendant/Debtor Kevin Junior Watson ("Debtor"). Plaintiff seeks a final judgment on its Complaint (Doc. No. 1) finding debts Debtor owes to Plaintiff are non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(4). An evidentiary hearing was held on October 25, 2010 at which Plaintiff's counsel appeared. Debtor did not appear or file any responses to Plaintiff's Motion.

Judgment is due to be entered in favor of Plaintiff and against Debtor pursuant to 11 U.S.C. Section 523(a)(4) for the reasons set forth herein. The Court makes the following Findings of Facts and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

### *Debtor's criminal activity*

Debtor worked for Plaintiff until 2007 when, after conducting an internal audit, Plaintiff discovered Debtor stole many goods and services for himself, friends, and family from Plaintiff's inventory. Plaintiff is a bartering service company through which companies can exchange goods and services. Plaintiff also keeps an inventory of items to be used for bartering, including office supplies, electronics, and stays at hotels and resorts. Debtor took Plaintiff's property without its consent or knowledge. He took the property for his own use, and the use of others, and intended to permanently deprive Plaintiff of its benefit.

Plaintiff, after discovering Debtor's theft, instituted a civil suit against Debtor in the Florida State Court case captioned *Central Florida Investments, Inc. v. Kevin J. Watson*, Case No. 07-CA-11228 ("Civil Case") on September 10, 2007 seeking actual damages for the value of the items stolen. The Civil Case was stayed when Debtor filed a Chapter 7 bankruptcy case on November 5, 2007. No judgment has been entered in the Civil Case. The State Court did not make a finding regarding the value of the items stolen, nor did it award damages.

Debtor was charged with one count of grand theft in the first degree, codified at Fla. Stat. Sec. 812.014(2)(A), on April 2, 2008 in the Florida State Court case captioned *State of Florida v. Kevin Watson*, Case No. 48-2008-CF-421-0 ("Criminal Case"). Debtor, who was represented by counsel, entered a *nolo contendere* plea to the grand theft count on November 18, 2009 (Doc. No. 69, Ex. 5). The State Court accepted Debtor's *nolo contendere* plea and adjudicated him guilty of grand theft (Id., Ex. 8). The State Court entered a Judgment on November 18, 2009 pursuant to which Debtor was sentenced to 20 years of supervised probation and ordered to pay Plaintiff $112,018.00 in restitution (Id., Ex. 5, 7) ("Restitution Order"). Debtor was to begin

2

making monthly payments to Plaintiff starting February 1, 2010. Debtor has not made any restitution payments pursuant to the Restitution Order.

### *Adversary Proceeding*

Plaintiff instituted this adversary proceeding against Debtor asserting debts he owes pursuant to the Restitution Order are non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(4). Plaintiff's Complaint in this adversary proceeding pleads the same facts which were the grounds for the Criminal Case and Debtor's conviction.

The cornerstone issue in this adversary proceeding is whether Debtor's conviction establishes the necessary factual elements for a finding of non-dischargeability. The thrust of Plaintiff's argument is the debts arose from Debtor's theft, which was the same basis for his criminal conviction and the Restitution Order.

Debtor did not appeal the State Court Judgment. It is a final judgment on the merits. The State Court, in the Judgment, did not make specific factual findings. The State Court accepted Debtor's *nolo contendere* plea and found him guilty of grand theft.

Debtor, having been found guilty pursuant to a *nolo contendere* plea, cannot defend against a subsequent civil claim based on the same actions which formed the basis of the Criminal Case. Debtor's criminal conviction establishes he committed grand theft. Debtor knowingly obtained and used Plaintiff's property without consent, with the intention to deprive Plaintiff of its use, and for his own use and the use of others.

Debtor, in the course of this adversary proceeding, submitted to a deposition and, in accordance with his Fifth Amendment right against self-incrimination,[1] declined to answer the majority of questions concerning whether he took Plaintiff's property for his own use, or the use of others (Doc. No. 56, Ex. 1). Debtor's failure to answer these questions, combined with his

---

[1] U.S. CONST. amend V.

3

conviction of grand theft, allows the Court to conclude he committed those acts. Debtor also declined to answer questions concerning whether he owed Plaintiff a fiduciary duty (Id.) His conviction does not rely on whether he owed a Plaintiff a fiduciary duty, and his failure to answer those questions does not establish he owed a fiduciary duty to Plaintiff.

Plaintiff does not assert Debtor made misrepresentations intending to deceive Plaintiff as required by a Section 523(a)(2)(A) cause of action. Plaintiff has not established it is entitled to judgment on this cause of action. Plaintiff has not established the fiduciary elements required by Section 523(a)(4). Plaintiff has demonstrated Debtor's theft constitutes larceny pursuant to Section 523(a)(4), and has established there are no material facts in dispute. Plaintiff is entitled to judgment as a matter of law on its Section 523(a)(4) cause of action.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Plaintiff seeks summary judgment on its Complaint pursuant to Federal Rule of Civil Procedure 56(c). Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2010). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The non-moving party, after a movant makes a properly supported summary judgment motion, must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative

showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A Court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

### *Effect of Debtor's Nolo Contendere Plea and Conviction*

Debtor is collaterally estopped from denying the actions he took which were the basis for his criminal conviction. Florida law precludes a party who is convicted pursuant to a *nolo contendere* plea from defending against a later civil claim based on the same conduct.

Collateral estoppel prevents the re-litigation of facts or issues established in an earlier final judgment. In re Smith, 381 B.R. 398, 400 (Bankr. M.D. Fla. 2007). This Court, to determine the effect of Debtor's *nolo contendere* plea, must apply Florida's collateral estoppel rules because the Criminal Case was adjudicated in Florida. Brown v. City of Hialeah, 30 F.3d 1433, 1437 (11th Cir. 1994). Florida law precludes a party who was adjudicated guilty, pursuant to a *nolo contendere* plea on charges of Florida's omnibus theft, robbery, and related crimes, found at Fla. Stat. Sections 812.012 through 812.037, from defending against a civil action based on the same conduct giving rise to the criminal prosecution. Fla. Stat. Sections 772.11, 772.14; Starr Tyme Inc. v. Cohen, 659 So.2d 1064 (Fla. 1995); Lloyd v. Card, 283 Fed. App'x 696, 701 (11th Cir. 2008); Gonzalez v. Florida Dept. of Highway Safety and Motor Vehicles, Div. of Florida Highway Patrol, 237 F. Supp. 2d 1338, 1363 (S.D. Fla. 2002); In re Greenwasser, 259 B.R. 918, 923 (Bankr. S.D. Fla. 2001). Collateral estoppel establishes the factual and legal elements of Debtor's grand theft conviction. Starr Tyme, 659 So. 2d at 1068.

Debtor was found guilty of grand theft pursuant to his *nolo contendere* plea, codified at 812.014(2)(A), which is one of the enumerated charges a defendant cannot later deny in a civil

5

action. The grounds for Plaintiff's claims in this proceeding are identical to those in the Criminal Case. Florida law prevents Debtor from denying he took the actions which were the basis for the grand theft charge. Starr Tyme, 659 So. 2d at 1068. Debtor is precluded in this case from denying he took the actions giving rise to the grand theft conviction. Collateral estoppel establishes the elements of the grand theft charge to which Debtor entered his plea. Plaintiff has established Debtor took the actions which were basis for the Criminal Case, as well as the factual and legal elements required for his conviction.

### *Non-Dischargeability Claims*

There is no factual question whether Debtor took the actions Plaintiff asserts are the grounds for its non-dischargeability claims. Plaintiff, to prevail, must demonstrate the factual and legal elements established by Debtor's conviction establish the elements required for a finding of non-dischargeability pursuant to Section 523(a). The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).

### *11 U.S.C. 523(a)(2)(A)*

Plaintiff contends the debts Debtor owes, as established by the Restitution Order, should be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2)(A), which provides a discharge pursuant to 11 U.S.C. Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

Plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998). Plaintiff must establish: (1) Debtor made a false representation with the purpose and intent to deceive Plaintiff; (2) Plaintiff relied on the misrepresentation; (3) the reliance was justified; and (4) Plaintiff sustained a loss as a result of the misrepresentation. Id. at 1281; Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).

Convicting Debtor of grand theft pursuant to Fla. Stat. Sec. 812.014(2)(A) required the State Court to find Debtor: (1) knowingly; (2) obtained or used Plaintiff's property; (3) with the intent to deprive Plaintiff of a right to or benefit of the property, or to take the property for Debtor's own use or the use of any person not entitled thereto. Fla. Stat. Sec. 812.014(2)(A); Pizzo v. State, 945 So.2d 1203, 1207 (Fla. 2006).

*Analysis*

Plaintiff failed to establish the first element of a Section 523(a)(2)(A) cause of action. It did not establish Debtor made any false representations with the intent to deceive Plaintiff.

A grand theft cause of action does not require establishing Debtor made misrepresentations intending to deceive Plaintiff. The Florida State Court, when it adjudicated Debtor guilty of grand theft, did not establish he made a misrepresentation intending to deceive Plaintiff. Plaintiff, by failing to establish the first non-dischargeability element of Section 523(a)(2)(A), failed to establish the second, third, and fourth elements. There is a genuine issue of material fact whether the debt resulting from Debtor's theft is non-dischargeable pursuant to Section 523(a)(2)(A). Plaintiff is not entitled to summary judgment on this cause of action.

### *11 U.S.C. 523(a)(4)*

Plaintiff contends the debts Debtor owes should be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(4) which provides a discharge pursuant to 11 U.S.C. Section 727 does not discharge an individual from any debt resulting from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

### *Analysis*

Plaintiff did not establish Debtor was a fiduciary as defined by Federal bankruptcy law. Debtor exercised his Fifth Amendment right in response to questions asking whether he was Plaintiff's fiduciary. The Court can draw an adverse inference as a result of Debtor's decision to not answer questions, but the adverse inference can only be considered in conjunction with other evidence. Mitchell v. United States, 526 U.S. 314, 328 (1999); United States v. Premises Located at Route 13, 946 F.2d 749, 756 (11th Cir. 1991).

Debtor's conviction did not require the State Court to find a segregated trust res, identifiable beneficiary, or affirmative trust duties—the elements required to be a fiduciary for purposes of Section 523(a)(4). In re Goodwin, 355 B.R. 337, 343 (Bankr. M.D. Fla. 2006). The questions Debtor declined to answer did not address the elements establishing whether Debtor was Plaintiff's fiduciary as defined by Section 523(a)(4). Plaintiff has not established Debtor was a fiduciary.

Larceny constitutes the fraudulent taking of another's property with intent to convert it without the other's consent. In re Pupello, 281 B.R. 763, 768 (Bankr. M.D. Fla. 2002). Larceny does not require a finding of fiduciary capacity. Id.

The elements established by Debtor's criminal conviction establish the larceny elements of a Section 523(a)(4) cause of action. The facts established by Debtor's conviction, coupled

with his failure to answer questions whether he stole Plaintiff's property intending to permanently deprive Plaintiff, demonstrate he fraudulently took these actions. There are no questions of fact whether Debtor stole Plaintiff's property to benefit himself and others.

Debtor's criminal conviction establishes the non-dischargeability elements of Plaintiff's Section 523(a)(4) cause of action. Plaintiff is entitled to summary judgment on this Count. The debts Debtor owes to Plaintiff pursuant to the Restitution Order are due to be deemed non-dischargeable.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion for Summary Judgment seeking a determination of non-dischargeability pursuant to 11 U.S.C. Section 523(a)(2)(A) is **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion for Summary Judgment seeking a determination of non-dischargeability pursuant to 11 U.S.C. Section 523(a)(4) is **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed by Debtor to Plaintiff pursuant to the $112,018.00 Restitution Order entered on November 18, 2009 is **NON-DISCHARGEABLE** pursuant to 11 U.S.C. Section 523(a)(4).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 14TH day of December, 2010.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge